MELLQUIST, Respondent, v. DAKOTA PRINTING COM-
PANY et al, Appellants.

(213 N. W. 947.)

(File No. 5654.   Opinion filed May 19, 1927.)

1.  **Master and Servant—Findings of Industrial Commissioner Are
    Not Reviewable, Where Supported by Reasonable or Substan-
    tial Evidence (Workmen's Compensation Law).**

    Findings under Workmen's Compensation Law (Rev. Code
    1919, §§ 9436-9491), of the board of arbitration and the deputy
    industrial commissioner, are not subject to review by the Su-
    preme Court where they are supported by reasonable or sub-
    stantial evidence.

2.  **Master and Servant—Finding of Compensable Injury Held Suffi-
    cient, Notwithstanding "Accident" Did Not Appear in Board's
    Findings (Workmen's Compensation Law [Rev. Code 1919,
    § 9490]).**

    Findings of board of arbitrators and deputy industrial com-
    missioner that injury was by accident arising out of and in
    course of employment, within Workmen's Compensation Law
    (Rev. Code 1919, § 9490), held sufficient, though the word
    "accident" did not appear in findings and conclusions of the
    board.

3.  **Master and Servant—Findings that Injury Arose out of and in
    Course of Employment Held Sufficient, Notwithstanding Com-
    missioner's Finding Was Conclusion of Law.**

    Findings of board of arbitrators and deputy industrial com-
    missioner that injury was caused by accident arising out of and
    in course of employment held sufficient, though finding on this
    question by the commissioner was conclusion of law rather than
    finding of fact.

4.  **Master and Servant—Breaking Down of Heart Muscles from
    Strain Is Compensable, Although Physical Condition Predis-
    posed Workman Thereto.**

    Injury from strain, due to fellow employee unexpectedly
    jumping on lever on cutting machine in printing plant, result-
    ing in an acute, abrupt breaking down of heart muscles, is
    compensable, although claimant's condition prior thereto pre-
    disposed him to such breakdown.

5.  **Master and Servant—Testimony of Physicians Held to Show
    Breaking Down of Employee's Heart Muscles Was Due to
    Strain.**

    Uncontradicted statements of two physicians held to show
    that breaking down of claimant employee's heart muscles was
    of definite, sudden occurrence, directly traceable to strain.

**6.** **Master and Servant—Evidence Held to Show Employer Had Knowledge of Injury (Workmen's Compensation Law).**

Evidence that employer was five feet distant from claimant employee at time of injury, that claimant promptly told him of pain, and left employment in middle of day, would support finding that employer had knowledge of injury required by Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491).

**7.** **Master and Servant—Court Cannot Construe Findings of Circumstances as Positive Finding Employer Had Knowledge Excusing Notice of Injury (Workmen's Compensation Law [Rev. Code 1919, § 9455]).**

The Supreme Court cannot construe findings by the board of arbitrators and industrial commissioner of circumstances as a positive finding that employer had such knowledge of injury as would excuse claimant from giving notice required by Workmen's Compensation Law (Rev. Code 1919, § 9455), where one of reasons assigned for review is lack of knowledge by employer.

**8.** **Master and Servant—Board of Arbitrators and Industrial Commissioner Must Find Facts Positively.**

The board of arbitrators and industrial commissioner must positively find facts which are necessary to be found in order to make applicable the Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491).

**9.** **Master and Servant—Employer's Knowledge or Notice Must Be Specifically Found Unless Excused (Workmen's Compensation Law [Rev. Code 1919, § 9455]).**

Although the Workmen's Compensation Law is to be liberally construed, knowledge of or notice to employer must be specifically found under Rev. Code 1919, § 9455, unless sufficiently excused, before an award can be upheld.

Note.—See, Hearnote (1), American Key-Numbered Digest, Master and servant, Key-No. 417(7), Workmen's Compensation Acts, C. J. Sec. 127; (2), (3) and (8) Master and servant, Key-No. 416, Workmen's Compensation Acts, C. J. Sec. 115 (Anno.); (4) Master and servant, Key-No. 373, Workmen's Compensation Acts, C. J. Sec. 55 (Anno.); (5) Master and servant, Key-No. 405(4), C. J. Sec. 114; (6) Master and servant, Key-No. 405(1), Workmen's Compensation Acts, C. J. Sec. 114; (7) Master and servant, Key-No. 416, Workmen's Compensation Acts, C. J. Sec. 132 (Anno.); (9) Master and servant, Key-No. 416, Workmen's Compensation Acts, C. J. Secs. 34, 115.

On right and extent of review of findings of industrial commission, see L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1581; 6 R. C. L. Supp. 1766.

For annotations on Uniform Workmen's Compensation Act, see U. L. A., Vol. 9, pg. 301.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Proceeding under the Workmen's Compensation Law by Freehard S. Mellquist, claimant, opposed by the Dakota Printing Company, employer, and the Maryland Casualty Company, a corporation, insurer. From a judgment of the circuit court confirming the decision, award, and order of the deputy industrial commissioner, which confirmed the findings, conclusions, and award of the board of arbitration, the employer and the insurer appeal. Reversed and remanded, with directions.

*Coon & Coon,* of Sioux Falls, and *Owen T. Lewis,* of Dallas, Tex., for Appellants.

*Christopherson & Melquist,* of Sioux Falls, for Respondent.

MISER, C.   This is a proceeding under the Workmen's Compensation Law (Rev. Code 1919, §§ 9436-9491). The board of arbitration made findings of fact and conclusions of law finding claimant to be entitled to an award of compensation. Thereafter, pursuant to petition for review, the deputy industrial commissioner confirmed the findings, conclusions, and award. On appeal, the circuit court of Minnehaha county confirmed the decision, the award, and the order of the deputy industrial commissioner and rendered judgment thereon for plaintiff. This appeal is from the judgment. Two questions are presented by this appeal: First. Is the evidence sufficient to show that the injury of the plaintiff was an injury by accident arising out of and in the course of the employment, to which class of injuries the Workmen's Compensation Law is limited by section 9490, Rev. Code 1919? Second. It being admitted that no written notice of the injury was given in accordance with section 9455, is the evidence sufficient to show, and do the findings clearly find, knowledge of the injury on the part of the employer which would excuse the failure to give the written notice? Appellant employer and insurance company contend that the evidence is not only insufficient to justify such a finding, but that such finding as was made is so ambiguous, equivocal, and uncertain in its terms as not to support a judgment and award.

[1-5]   As to the first question, no useful purpose would be served in setting forth in full the findings of the board of arbitration, which were later confirmed by the deputy industrial commissioner and supplemented by him by the findings on review; for this court has held, following Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816, that, where there is any reasonable or substantial evidence tending to establish findings of such board and commissioner, such findings are not subject to review. Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965; Shaw v. Harms Piano Co., 44 S. D. 346, 184 N. W. 204; Wakefield v. Warren Lamb Lbr. Co., 46 S. D. 510, 194 N. W. 835; Wilson v. Light & Power Co., 45 S. D. 175, 186 N. W. 828.   In the case at bar, not only was there reasonable and substantial evidence tending to establish a finding that the injury was an injury by accident arising out of and in the course of the employment and therefore within the purview of the Workmen's Compensation Law, but also there was sufficient finding to that effect, although the word "accident" cannot be found in the finding of the board of arbitrators and the conclusions of law which they made thereon, and although the finding on this question by the deputy industrial commissioner on review is a conclusion of law rather than a finding of fact.   Ross v. Independent School District No. 1, 49 S. D. 491, 207 N. W. 448.   However, in effect it was found, and the evidence would support a finding, that, while claimant was working for appellant printing company as a pressman and specifically while "hacking" heavy kraft paper and for that purpose operating a lever on a 500-pound cutting machine, a fellow employee, the son of his employer, unexpectedly jumped on said lever, which unexpected act caused the lever to come down with such force that the machine moved about a foot on the floor and the cutter slid over, and that the resulting strain on the claimant caused an acute, abrupt breaking down of the heart muscles, or, as stated by the physician who attended claimant, said strain precipitated an acute decompensation of the heart; that, as a result of the injury aforesaid caused by said accident, claimant was confined to his bed for about ten weeks and was unable to follow his occupation as pressman for one year.   Such an injury by such an accident under such circumstances would support the award of compensation that was made, if the Workmen's Compensation

Law was otherwise complied with, although claimant's physical condition prior thereto predisposed him to such a breakdown. Schroetke v. Jackson Church Co., 193 Mich. 616, 160 N. W. 383, L. R. A. 1917D, 64; Klika v. Independent School Dist., 161 Minn. 461, 202 N. W. 30. The requirements of Frank v. C., M. & St. P. Ry. Co., 49 S. D. 312, 207 N. W. 91, have been met, in that the uncontradicted statements of two physicians show that the injury was of a definite, sudden occurrence, directly traceable to a strain.

[6] As to the second point, is there a sufficient finding that the employer had such knowledge of the injury as would obviate the necessity of a written notice of injury as is required by section 9455? The findings of the board of arbitrators on this point was that, when the injury occurred, the employer was working within a distance of about five feet, and that, immediately after the injury, claimant advised and informed employer that he was suffering from a pain in his chest. This finding was supplemented by the finding of the industrial commissioner on review as follows:

"While the testimony of the owner and manager of the printing company is more or less conflicting, it is sufficient to show that the said N. J. Knopf had knowledge of the situation which should have placed him, as an employer, on his guard, as to injury of some character, but he apparently in his testimony attempts to differentiate between an injury and an accident, so far as his knowledge goes; that the testimony of other witnesses indicates that, so far as they understood the situation, Mr. N. J. Knopf, the employer, was aware of the reason for the claimant quitting his employer in the middle of the day, requiring him to secure other help to take the place of the claimant, on the statements made by him at the time of employment of such additional help."

[7-9] Inasmuch as the lack of such knowledge by the employer was one of the reasons assigned for a review of the finding of the board of arbitrators, this court is not permitted to construe the foregoing into a positive finding that N. J. Knopf had such knowledge of the injury as would excuse claimant from giving the thirty-day notice. True, there is evidence which would support such a finding. It is equally true that the employer positively denies any knowledge of such facts and circumstances of the accident as would apprise him that his employee had sustained

injuries of such character as would entitle him to compensation under the act. Bushnell v. Industrial Board, 276 Ill. 262, 114 N. E. 496. But the same reason which binds this court to accept the findings of the board of arbitrators and of the industrial commissioner, where there is any substantial, credible evidence tending to establish the findings, requires said board and commissioner, who sit not only as judge but as jury, to positively find those facts which are necessary to be found in order to make applicable the Workmen's Compensation Law. The idea of workmen's compensation has long since ceased to be a mere humanitarian theory, and has achieved the dignity and sanction of law, a law which was originally enacted in South Dakota as chapter 376, Laws of 1917, wherein the legislative intent as to rights, remedies, compensation, and administration was carefully set out. Richardson v. Farmers' Co-operative Union, 45 S. D. 357, 187 N. W. 632. Although it has been repeatedly held by this court that this law should receive most liberal construction in order to carry out its beneficent objects, it was never intended that the conditions and terms of the act itself should be ignored. Every proceeding in which facts are at issue contemplates that some judge or jury or other officer created for that purpose should pass upon the credibility of the witness and determine the facts of the case. Since written notice has not been given, before an award can be upheld, knowledge must be specifically found under section 9455, unless sufficiently excused. This, we believe, has not been done in this case; and therefore the judgment is reversed and the cause remanded to the circuit court, with directions to set aside the award and to remand the record to the Industrial Commissioner, with instructions to make a finding on the question of knowledge, and to grant or to deny an award accordingly.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.