BARWIN, Respondent, v. INDEPENDENT SCHOOL DIS-
TRICT OF SIOUX FALLS, et al, Appellants.

(248 N. W. 257.)

(File No. 7386.   Opinion filed May 1, 1933.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellants.

*Cherry, Braithwaite & Wickem,* of Sioux Falls, for Respondent.

WARREN, J. This is a proceeding under the Workmen's Compensation Laws (Rev. Code 1919, § 9436 et seq., as amended), originally instituted by Emma Barwin, executrix of the last will and testament of Casper Barwin, deceased, against the employer, the Independent school district of Sioux Falls, S. D., and the insurer, Maryland Casualty Company, to recover for the death of Casper Barwin.

On March 19, 1929, the deceased, Casper Barwin, being then 73 years old, was washing windows at the Lewis Heights School in Sioux Falls, in the course of his employment as a janitor there. He was standing near the top of an eight-foot ladder 'when a little school boy accidentally ran into and jarred the ladder causing Barwin to fall, breaking the bones in his left wrist and fracturing his left femur. He was immediately taken to the Sioux Falls Clinic, and then to a hospital, where the wrist was set and the leg

attended to. About 10 days later they put his leg in an extensive plaster cast. His convalescence was uneventful, except that he was accasionally restless. He died quite suddenly about midnight, April 7, 1929. The cause of the death is attributed to acute dilatation of the heart and heart failure.

A claim for compensation was filed, and a hearing was had before the industrial commissioner, who made findings of fact, conclusions of law, and entered an award in favor of the plaintiff in the "amount of Three Thousand Dollars, in form and manner as provided by the Workmen's Compensation Laws of the State of South Dakota." The petition for review being denied, the defendants appealed to the circuit court, where the award and judgment were affirmed. The matter is now before us on appeal.

The appellants have assigned as error the failure of the respondent to file a claim within the statutory period of one year (Rev. Code 1919, § 9457) ; the denial of their petition for review by the industrial commissioner; the sufficiency of the evidence; and the form and amount of the judgment entered by the industrial commissioner and the circuit court. Said assignments will be numbered and treated in order as above stated.

■ (I) On July 1, 1929, Mrs. Emma Barwin, the widow and the original plaintiff in this action, wrote a letter to the industrial commissioner, which, omitting unnecessary parts, was as follows:

"Sioux Falls, S. D.,

"July 1, 1929.

"F. L. Perry, Industrial Commissioner, Pierre, S. D.

"Dear Sir: I desire to file claim against the Sioux Falls Board of Education for compensation account death of my husband J. C. Barwin, on April 8th, 1929, which was caused by injuries received in the performance of his duties while in the employ of the said Board of Education on March 19, 1929.

If it is customary to fill out certain forms I would appreciate very much if you would send them to me but this letter is written in order to stay the statutes of limitation whatever they may be.

"Yours very truly,

"Mrs. Emma Barwin,

"Filed July 16, 1929.                    "921 W. 6th St.

"F. L. Perry, Commissioner."

The industrial commissioner in his sixth finding of fact found as follows: "VI. That all legal requirements have been fulfilled to entitle the Commissioner to jurisdiction to hear and decide the issues joined in the said hearing."

Thereafter he made the following conclusion of law: "II. That employer and insurer had notice and knowledge of said injury and death as required by statute to be given, and that Claimant filed her claim for compensation as required by law."

Appellants assign such finding and conclusion as error, and contend that the claimant did not file a claim within a year as required by section 9457, Rev. Code 1919.

Appellants object only to the sufficiency of the claim. However, it seems perfectly clear to us that the letter written by the wife of the deceased contained the necessary requirements for a filing of a claim, and the industrial commissioner was so entitled to hold. It contains claimant's desire to file claim; against whom it was to be filed; employee's name; and the date of the death and date of the injury. There is no particular form prescribed by the statutes of this state. It has been held that the purpose of requiring the filing of a claim is to give an opportunity for investigation at an early date. If the industrial commissioner treated this letter as a valid claim, which he did, we cannot see how the appellants have been prejudiced because the claim was not in some other form. Inasmuch as employees are usually not skilled in the niceties of judicial language and procedure, a notice which conveys to the commissioner that the claimant is claiming the compensation and benefits of the Workmen's Compensation Laws will be deemed sufficient. While in this case the letter or claim might have been worded more precisely, yet it was deemed sufficient by the industrial commissioner, and we are not disturbing his ruling.

█ █ (II) The appellants have predicated error in the denial of their petition for review by the industrial commissioner. We have held that the industrial commissioner sitting in lieu of the board of arbitration must have his decision presented for review before appeal. Murray v. Stokke, et al, 60 S. D. 224, 244 N. W. 265. Just as a motion for new trial must be made in the circuit court before appeal, it is necessary to petition for a review before the industrial commissioner, but the denial or granting of such

review is discretionary with the court 'or commissioner, and, in the absence of abuse of this discretion, this court will not disturb such decision.

(III) Appellants further assign error in that the evidence is insufficient to support the findings and conclusions of the industrial commissioner.

. The evidence shows that Barwin was a strong, healthy man, working as a janitor, and with an unusually regular attendance at work. He was 73 years of age. He never complained of, and had never been treated for, a heart disease, and had had no medical attention for any serious sickness back as far as 1881. He sustained a fall and was placed in the hospital. After about 10 days his leg and hip were placed in a cast. About 20 days later he died quite suddenly. The medical testimony is all to the effect that the immediate cause of death was acute dilatation of the heart.

The conflict occurs on the issue as to whether or not the accident accelerated or contributed to that death. Briefly, the medical testimony is as follows: Dr. Culver, the family doctor, testified that in his opinion this accident did cause the death, and gives the reasons for his opinion. Dr. Donahoe testified that in his opinion the accident did not cause the death, but that he could not definitely say what effect the shock may have had on the heart. Dr. Van De Mark testified: "It is possible that the fall and attendant shock might have contributed to the death but in my opinion it did not." Dr. Ohlmacher, state pathologist, testified that the cause of death was acute dilatation of the heart, and on cross-examination testified that it was possible that the injury and the enforced rest may have affected the heart in such a manner as to have resulted in acute dilatation. Dr. Forsberg, a heart specialist, testified that it would be possible for the fall to have caused Mr. Barwin's heart to fail, but that he could not say definitely.

At its best, the medical testimony is in conflict. The industrial commissioner found: "That the accident to said Barwin, resulting from being knocked from a step ladder on which he was standing while washing windows, produced injuries which caused his death on April 7, 1929."

The industrial commissioner also made the following conclu-

sions of law: "That the injury to said Barwin on March 19, 1929, was the cause of his death on April 7, 1929; that said injury arose from the accident for which deceased was in no way responsible and occurred in the due course of his employment."

The findings of the industrial commissioner cannot be disturbed if there is any reasonable, credible, and substantial evidence to support them. Wieber v. England, 52 S. D. 72, 216 N. W. 850; Id., 59 S. D. 1, 238 N. W. 25; Day et al v. Sioux Falls Fruit Co. et al, 43 S. D. 65, 177 N. W. 816; Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965; Dependents of Shaw v. Freeman C. Harms Piano Co., 44 S. D. 346, 184 N. W. 204; Wakefield v. Warren-Lamb Lumber Co., 46 S. D. 510, 194 N. W. 835; Ross v. Independent School District, 49 S. D. 491, 207 N. W. 446; Cassels v. H. W. Cassels & Co. et al, 59 S. D. 643, 242 N. W. 587. The findings, however, must be founded on evidence, and cannot rest on surmise, conjecture, or speculation. Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191. Positive proof is not indispensable, nor is an absolute or mathematical demonstration essential. Evidence of circumstances from which an inference may fairly and legitimately be drawn is sufficient. Santa v. Ind. Acc. Comm., 175 Cal. 235, 165 P. 689; Conway v. Swift & Co., 175 Minn. 42, 219 N. W. 944. Testimony of the physicians is conflicting. It was within the province of the industrial commissioner to consider the disagreement in the testimony of these expert witnesses and to accept that testimony which seemed most consistent with all the testimony and of the greater credibility. Expert testimony is often the only testimony available, and no distinction in the law is made between that kind of testimony and evidence of other character, and, viewing the entire record, including the undisputed evidence of the accident and injury and all the other facts and circumstances, together with the medical testimony, we are of the opinion that there is reasonable and substantial evidence justifying the findings of the commissioner that the injury was the proximate cause of death.

(IV) Appellants contend that the court erred in entering the judgment in the lump sum of $3,000 and failed to have the award paid in installments for a given period until the fixed sum had been paid, and that such payments should cease in the event of the death of the claimant. The provision in the judgment

touching this contention is as follows: "Claimant have judgment against the defendants, Employer and Insurer, in the amount of Two Thousand Nine Hundred Seventy Four and 62-100 ($2,-974.62) Dollars, in form and manner as provided by the Workmen's Compensation Laws of the State of South Dakota."

Subdivision 1 of section 9458, S. D. Revised Code 1919, we feel governs the facts in this case which would authorize the commissioner to compensate the surviving widow in a sum for not less than $1,650 and not more than $3,000. Subdivision 5 of section 9458 provides that compensation shall be paid in installments equal to one-half of the average earnings at the same interval to which the wages or earnings of the employee were paid, or, if that should not be feasible, then the installments shall be paid weekly. Said subdivision calls attention to section 9460, which permits employers to pay in a lump sum.

It is hard, however, to see how we can construe the portion of the judgment we have just referred to as permitting the compensation fixed in said lump amount to be paid in installments, unless we are to read the provisions of subdivision 5 of section 9458 into the judgment on account of the language used therein in which the drafter of the judgment used the words "in form and manner as provided by the Workmen's Compensation Laws of the State of South Dakota," and that would seem too liberal an interpretation of what may be done by incorporation by reference at least into a judgment which should contain definite statements as to time and terms of payment. It appears to us that the judgment is insufficient in the respect that it fails to specifically state the things required in subdivision 5 of section 9458, such as the amount of the installments to be paid and at what time the payments shall be made. In other words, we feel that the judgment must be so specific and certain or capable of being made so by proper construction and such as defendant may readily understand and be capable of performing. In that respect the judgment before us is clearly inadequate. See 33 C. J. on Judgments, § 1286, p. 1195; In re Deinza, 229 Mass. 435, 118 N. E. 942; Murphy's Case, 224 Mass. 592, 113 N. E. 283.

From the record before us it appears that Emma Barwin, the widow, brought the proceedings, and a judgment was entered in

her favor in August, 1931, and that on the 26th day of January, 1932, the defendants perfected an appeal to this court from the order denying the motion for a new trial, which order was dated November 28, 1931. It would further appear that the widow died approximately 33 months after the death of her husband. By stipulation Nellie Barwin was substituted as special administratrix with the will annexed of the estate of Casper Barwin and that the continuation of the action was allowed and authorized on January 22, 1932; that, so far as the record before us is concerned, we must conclude that the recovery can only be maintained for the period that the dependent widow survived up and unto the time of her death, pursuant to subdivision 7 of section 9458, 1919 Revised Code of S. D., as amended by chapter 363, § 1, 1919 Session Laws of S. D.

Appellants contend that the right to compensation is a personal right and abates on the death of the beneficiary. However, in the reply brief they concede that "what authorities there are upon the subject in the United States under statutes providing that compensation shall cease upon the death of dependent, favor the view that compensation accruing up to the time of the death of the dependent may be recovered."

They, however, insist that such is not the rule in this state. Upon an examination of the authorities, it would seem that the right of a widow to participate and to recover is not lost by the death of such widow before an award has been rendered thereon, but the legal representative of such widow, in the absence of other dependents, is entitled to an award covering the period from the time of the death of the employee until the death of such widow. Ind. Commission of Ohio v. Dell et al, 104 Ohio St. 389, 135 N. E. 669, 34 A. L. R. 422. See, also, In re Murphy, 224 Mass. 592, 113 N. E. 283-285; East St. Louis Board of Education v. Industrial Commission et al, 298 Ill. 61, 131 N. E. 123, 124.

The case at bar is even stronger than the holdings in the decisions just cited, for the reason that the judgment had been awarded by the trier of the facts, and had also been affirmed and entered as a judgment of the circuit court. It would, therefore seem that the mere withholding payment of just claims for compensation or through litigation or otherwise cannot relieve them from responsi-

bility or liability in case of the death of the claimant and dependent. To so hold would not be within the spirit, purpose, and intent of the workmen's compensation statutes. The Supreme Court of Massachusetts in Re Bartoni, 225 Mass. 349, 114 N. E. 663-665, L. R. A. 1917E, 765, said: "The administrator of the widow of the deceased employee is entitled to the weekly payment provided by part 2, § 6, of the act, 'from the date of the injury' until the time of the decease of the widow. In this connection it is of no consequence that the widow deceased before any payment was made to her."

The industrial commissioner made findings of fact showing that the deceased at the time of his death and for a considerable period prior thereto was paid monthly payments in the sum of $100 per month by the defendant school district. Therefore, under subdivision 5 of section 9458, 1919 S. D. Revised Code, the administratrix is entitled to recover installments to be paid equal to half of the decedent's average earnings, or $50 per month, for the period that the widow survived her husband.

The order and judgment appealed from are therefore reversed, and the cause remanded to the circuit court, with directions to enter judgment in conformity with this opinion.

POLLEY and ROBERTS, JJ., concur.

RUDOLPH, P. J., concurs in result.

CAMPBELL, J. (dissenting). On March 19, 1929, claimant's intestate, standing near the top of an eight-foot ladder, fell therefrom, breaking the bones in his left wrist and fracturing his left femur. This injury occurred in the course of his employment. He was immediately taken to a hospital, where the broken bones were set and he received the customary care and attention appropriate to the nature of his injuries, and appeared to be progressing normally and uneventfully. Approximately 21 days after the injury he suddenly and unexpectedly died; the immediate cause of his death being heart failure and acute dilatation of the heart.

The burden of proof in this case is upon the claimant to establish by a preponderance of the evidence all material facts necessary to make out a prima facie case for recovery, including the essential fact that the heart failure which was admittedly the immediate cause of death on April 7 was proximately caused by the industrial

accident of March 19. It is not enough to show that perhaps or possibly the accident contributed. Claimant must introduce credible evidence from which the only fair inference to be drawn is that the accident proximately contributed to the death immediately caused by heart failure. Edge v. City of Pierre (1931) 59 S.D. 193, 239 N. W. 191. Believing that claimant has failed to sustain that burden in the instant case, I think there should be a reversal and remand, with direction to dismiss the proceeding.