GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; LUIS LARRACUENTE MARRERO, Deceased Workman.

No. 317.   Argued May 1, 1944.—Decided May 17, 1944.

634

M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General, and Joaquina Pérez Cordero, A. de Jesús Matos, J. Correa Suárez and A. Sandín del Manzano, for petitioner. Edelmiro Soldevila for claimant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Luis Larracuente worked as a stevedore for Sucesión J. Serrallés. When not so engaged he was used in loading wheelbarrows. On March 1, 1942, while gathering bags and waiting for a truck to arrive, he sat on a wheelbarrow and fell to the ground suffering a syncope and dying a little later from angina pectoris.

At the time of his death the workman had a three-month old natural child, Luis Alfonso Larracuente, who died 49 days later.

Francisca Pérez, concubine of Luis Larracuente and the mother of the child, and Alfonso and Emeterio, brothers, and Francisca Larracuente, sister of the deceased workman, prayed for the payment of compensation. This being denied by the Manager of the State Insurance Fund, they appealed to the Industrial Commission. At the hearing before the Industrial Commission, Larracuente's brothers and sister

abandoned their claim. On February 15, 1944, the Commission reversed the decision of the manager, whereupon the latter appealed to this court.

The only question which we must consider and decide is whether the claimant, Francisca Pérez, concubine of the deceased workman and mother of the child, Luis Alfonso Larracuente, acquired upon the death of the latter the right to subrogate herself to the claim for the compensation which would have been awarded to the child had he not died.

██ It was decided by this court in *Colón* v. *Industrial Commission of Puerto Rico*, 52 P.R.R. 1, that Act No. 45 of April 18, 1935 (Laws of 1935, p. 250), as it was in force on March 1, 1942, date of the accident, did not include the concubine among the beneficiaries of the deceased workman. Neither would the claimant have any right as direct beneficiary, according to paragraph 5 of §3 of the Workmen's Accident Compensation Act, as amended by Act No. 52 on April 25, 1942, because, according to such amendment, for the concubine to be considered as the widow for the purpose of obtaining compensation, it is necessary that "at the time of the death of the workman, and during the last three years prior to the death, [she had] lived with the workman honorably as husband and wife, in a state of public concubinage, both being single during the whole of the said period and with capacity to be married with or without dispensation." The claimant in this case testified before the commission that she had only lived with Larracuente for one year and 11 months when the latter died.

It is desirable to note that when the manager rendered his decision on August 31, 1942, the minor had been dead for over four months, leaving no one legally dependent upon the deceased for his support.

██ When the Industrial Commission held that claimant Francisca Pérez had a right to subrogate herself to the rights that the minor might have had, at the time of his

father's death, to receive compensation for said death, it did so pursuant 'to the provisions of paragraph 3, subdivision 4, §3 of the Workmen's Accident Compensation Act, which reads as follows:

"In all cases where death occurs to a workman or employee for any reason independent of the injury received in an accident, for which injury any compensation was given or is pending adjudication, the Manager shall, after justifying evidence has been presented for the purpose, grant and cause .payment of the unpaid balance of any compensation belonging or due to the injured workman or employee up to the time of his death, to be made to those who depended on the deceased workman or employee for their support, in whose rights they are expressly subrogated."

The above-transcribed provision is so clear that it is hard to understand how was it possible for the commission to reach the conclusion that its provisions were applicable to the facts in this case.

Larracuente died suddenly in and as the result of a labor accident. His death was not caused by "a reason independent of the injury received in the accident." Upon his death he had not been awarded compensation nor had any pending award. The compensation, if there was any to be paid on account of his death, was not payable to him, but to those who were dependent on him for their support. The purpose of the statute, erroneously applied to the case at bar, is another. When a workman has an accident which temporarily or permanently disables him for work, the Act grants him compensation which varies in accordance with a table of compensation included in §3 of the Workmen's Accident Compensation Act. If the injured workman should die after the accident from a cause not related to the same and before he received the full compensation to which he was entitled, then the remaining amount pending payment at the time of his death must be paid to those who depended on him for support. Larracuente, having died in the accident

and as a result of the same, had not acquired at the time of his death any right to compensation to which the minor could be subrogated.

According to paragraph 5, §3 of the above-mentioned Act, the minor, Luis Alfonso Larracuente, as a natural son dependent for his support on the deceased workman, acquired upon the death of his father the right to compensation ranging from $1,000 to $3,000, to be determined in accordance with the economic capacity of the workman and his life expectancy. This compensation must be made in monthly instalments. If the Manager had determined the compensation payable in this case and had fixed the amount of the instalments immediately after the death of the workman and before that of the minor, the latter would have received the compensation corresponding to the 49 days which elapsed from the first of March to April 19, 1942.

■ Did the minor Luis Alfonso Larracuente acquire any right to compensation trasmissible through inheritance to his mother the claimant, Francisca Pérez? The Workmen's Accident Compensation Act itself answers this question in the negative. Section 3, subdivision 5, paragraph 5, provides the following:

"Upon the remarriage of the widow or widower, the part payments awarded for his or her benefit shall cease. *They shall likewise cease on the death of any other beneficiary to whom such part payments are being made,* and in the case of minors, such payments shall also cease when such minors reach the age of eighteen (18) years, unless they are disabled for work." (Italics ours.)

In accordance with the above-transcribed provision, any right which by the Act the minor had to receive monthly partial payments as compensation for the death of his father ceased on April 19, 1942, upon the death of said beneficiary. His mother could acquire only the right to claim the payment that her son could and should have received for the 49 days during which he survived his father. And it is fair that the manager should determine and pay the compensa-

tion corresponding to that period. See *Barwin* v. *Independent School District of Sioux Walls*, (S. D.) 248 N. W. 257; 71 C. J. §312, p. 555.

The decision appealed from must be reversed and the case remanded to the Industrial Commission with instructions to enter an order directing the Manager of the State Insurance Fund to fix the compensation that the minor, Luis Alfonso Larracuente, was entitled to receive for the period from March 1 to April 19, 1942, and to pay the same to his natural mother, the claimant Francisca Pérez.