JOHNSON, Respondent, v. CONCRETE MATERIALS CO., Appellant

(15 N. W.2d 4.)

(File No. 8708.   Opinion filed June 16, 1944.)

**Eugene C. Mahoney** and **Tom Kirby,** both of Sioux Falls, for Defendant and Appellant.

**T. R. Johnson,** of Sioux Falls, for Plaintiff and Respondent.

SMITH, J.  The complaint of the plaintiff-employee seeks damages from the defendant-employer for negligence in failing to provide plaintiff with a safe place in which to work. It is alleged that as a result of such negligence plaintiff contracted the occupational disease known as pneumoconiccis or silicosis.  The defendant moved to dismiss the complaint on the theory that it describes an injury by accident for which the Workmen's Compensation Law, SDC 64, supplies the exclusive remedy.  We granted an appeal from the trial court's order overruling the motion.

The question presented is whether the complaint describes an "injury by accident" within the definition of the Workmen's Compensation Act, SDC 64.  The Act defines "injury" or "personal injury" as "only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form except as it shall result from the injury;" SDC 64.0102(4).

According to the complaint the winter months of plaintiff's thirteen years of employment by defendant were spent in a rock or stone crushing plant.  It alleges:

"That during the time the plaintiff was employed by the defendant, as aforesaid, the defendant failed to provide or maintain an adequate system of ventilation in its plant or stone crusher.  That as a result thereof fumes, dust and particles of silica were created and caused to be diffused through the air where they remained suspended in places where the plaintiff was employed by said defendant.  That these deleterious substances were inhaled by the plaintiff into his lungs, and continuously gathered into and lodged in his respiratory system until there were deposited in said lungs large quantities of said dust and silica particles, and other sub-

stances equally harmful. That as a result thereof the plaintiff contracted a pulmonary dust disease or the occupational disease hertofore described and a serious lung ailment with other complications.

"That the defendant did not provide proper and sufficient means of ventilation in such plant or stone crusher; that the defendant was negligent in failing to properly equip or install exhaust fans and dust chambers or other suitable contrivances for the removal of dust and other impurities that accumulated in the operation of the stone crusher or place where the plaintiff worked, as herein set forth and contrary to SDC 42.0404. That the defendant permitted an unhealthy condition to exist therein to such an extent as to so injure the plaintiff's health to the extent set forth herein. That said stone crusher or scene of employment was not a reasonble safe place for the plaintiff to work, and that the said plaintiff's health thereby became impaired and he contracted such disease as herein described because of the condition that existed therein."

In support of its contention that the complaint describes an accidental injury covered by the Workmen's Compensation Act defendant cites: Brown v. St. Joseph Lead Co., 60 Idaho 49, 87 P.2d 1000; Foble et al. v. Knefely, 176 Md. 474, 6 A.2d 48, 122 A. L. R. 831; Gay v. Hocking Coal Co., 184 Iowa 949, 169 N.W. 360; Johnson v. Hughes et. al., 207 N. C. 544, 177 S. E. 632; McNeely v. Carolina Asbestos Co., 206 N. C. 568, 174 S. E. 509; Pero v. Collier-Latimer, Inc., 49 Wyo. 131, 52 P.2d 690; Thomas v. Parker Rust Proof Co., 284 Mich. 260, 279 N. W. 504; Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A. L. R. 363. We are of the opinion that the contention is foreclosed in this jurisdiction.

■■ The complaint describes an injury resulting from repeated inhalations of silica over an extended period of time. In Frank v. Chicago, M. & St. P. R. Co., 49 S. D. 312, 207 N. W. 89, 91, where thrombus or clot of blood in the femoral vein was under consideration, in construing the language we have quoted from SDC 64.0102(4), supra, it was said: "Before he can recover it must appear that some mishap, some untoward and unexpected event, occurred without design; that

some accidental injury was suffered, traceable to a definite time, place, and cause." In Mellquist v. Dakota Printing Co., 51 S. D. 359, 213 N. W. 947, 949, where an acute heart attack was under consideration, it was said: "The requirements of Frank v. Chicago, M. & St. P. R. Co., 49 S. D. (312), 207 N. W. (89), 91, have been met, in that the uncontradicted statements of two physicians show that the injury was of a definite, sudden occurrence, directly traceable to a strain." In Johnson v. La Bolt Oil Co., 62 S. D. 391, 252 N. W. 869, this court receded from the view that the cause of the injury must be some unforeseen and unusual operation, act, or condition and held that it is sufficient if the injury itself is unexpected. That we did not, by that decision, recede from the view that the injury must be traceable to a definite time, place, and cause is implicit in the language of the decision and is made clear in the subsequent case of Meyer v. Roettele, 64 S. D. 36, 264 N. W. 191, 194. The record in that case discloses an injury as a result of ingesting bacillus botulinus. It was there said: "We are of the view that a disease may be an 'injury by accident' within the meaning of our statute. The exclusion is of any disease which is not an accidental injury or which does not result from such injury. It is generally recognized that accident as contemplated by the Workmen's Compensation Law is distinguished from so-called occupational diseases which are the natural and reasonably to be expected result of workmen following certain occupations for a considerable period of time. On the other hand, if the element of suddenness or precipitancy is present and the disease is not the ordinary or reasonably to be anticipated result of pursuing an occupation, it may be regarded as an injury by accident and compensable. * * * The inception of the disease under the evidence in the instant case is attributable to the unexpected and undesigned occurrence of the presence of the poisonous toxin and is assignable to a definite time, place, and circumstance. In our opinion death was the result of an accidental injury."

■ Subsequent to these pronouncements the legislature reenacted the quoted language as a part of the revision of 1939. It is presumed the legislature intended that this language should be likewise construed subsequent to its re-

enactment. Brink v. Dann et al., 33 S. D. 81, 144 N. W. 734; Stewart v. Rapid City, 48 S. D. 554, 205 N. W. 654; Smiley v. Armstrong, 66 S. D. 31, 278 N. W. 21; Brown v. Dakota Public Service Co., 68 S. D. 169, 299 N. W. 569.

Defendant reads our opinion in Hanzlik v. Interstate Power Co., 67 S. D. 128, 289 N. W. 589, 590, as overruling the quoted interpretations. In that case the disease of encephalitis, contracted following a period of exhausting work and exposure, was held to be compensable. Because the particular work and exposure described in the evidence extended over a period of five days, defendant argues that we have eliminated the factors of "suddenness and precipitancy." That we did not so intend is indicated by our language. We said: "Viewing the record in the light of the tests announced in Meyer et al., v. Roettele et al. supra, we are of the opinion that findings based upon substantial evidence support the conclusion that claimant's disease constituted an 'injury by accident.' His collapse came suddenly upon the heels of unusual exertion, exposure and exhaustion, as an untoward, unexpected, and unanticipated result of pursuing his employment."

Because the complaint fails to describe an injury attributable to a definite time and cause and circumstance, we hold that it fails to describe an "injury by accident" within the sense in which those words have been employed in SDC 64.0102(4).

The order of the trial court is affirmed.

All the Judges concur.