COOPER, Respondent, v. VINATIERI, et al., Appellants

(43 N. W.2d 747)

(File No. 9147. Opinion filed August 15, 1950)

Rehearing denied October 9, 1950

**Tom Kirby, Blaine Simons, J. Gene McDonnell,** all of Sioux Falls, for Defendants and Appellants.

**W. W. French, Louis B. French,** Yankton, for Claimant and Respondent.

HAYES, P.J.   This is an appeal from a judgment of the circuit court reversing an award by the Industrial Commissioner.   The award of the commissioner denied compensation to the claimant, Florence Cooper, widow of Theodore A. Cooper.

Claimant's deceased husband, then of the age of sixty-two, was employed by appellant Vinatieri to assist in renovating and relaying a clogged sewer line. Lowering of part of the sewer line two to three feet was required in order to provide proper drainage. Cooper worked in the trench, machine-dug to the sewer tile, it being his part of the work to dislodge the tile with a shovel, usually two sections at a time, and then to fasten a rope to the same for the purpose of hoisting the tile to ground level.   Another worker hoisted, cleaned and returned the tile for relaying. · In lowering the

trench or ditch to proper grade most of the digging was done by Cooper's helper. This helper, in addition to the deepening of the ditch or trench, assisted in relaying and covering the replaced tile. None of the hoisting of tile from the ditch was done by Cooper. The latter did not remain in the ditch more than thirty minutes at a time.

Testimony in the record emphasizes the unpleasant nature of the work, including the odor or fumes attendant therewith, and the disposition on the part of those participating in the undertaking to get the job done. It is not shown, however, that this disposition induced other than normal exertion and activity by Cooper. He had on a number of prior occasions done similar work for Vinatieri and others. Just prior to going to work for Vinatieri Cooper had completed another sewer job which lasted more than a month and which was described as much worse than the work he was hired to do for Vinatieri.

After working a week for Vinateri Cooper complained of a "choked up" feeling and said that the fumes or "sewer gas" was making him sick. He then quit working for Vinatieri. He developed a dry cough for which he first sought relief in chiropractic treatments, felt somewhat better for a few days and then called upon a doctor of medicine. The latter diagnosed his ailment as arteriosclerotic heart disease with resulting decompensation, mitral stenosis and hypertension. Prescribed medicine did not abate the deterioration of the heart muscle and Cooper was hospitalized ten days later. Death followed in less than two days. The period of time between the date when Cooper went to work for Vinatieri and the date of his death was four weeks.

At the time when Cooper became ill and left his job he made no complaint of chest or heart pains to his fellow employee on the job, to his employer with whom he spoke shortly after he said he felt sick or to his wife when he went home. He was, however, suffering from shortness of breath and thought he had a cold. From one of the exhibits it is noted that Cooper made some mention of chest pain to the doctor he first consulted. This notation regarding pain is unexplained by medical testimony.

From the testimony of two doctors, one who attended

Cooper at the hospital and the other who performed an autopsy, including an examination of the heart and other organs, it is established that Cooper was afflicted with heart disease when he went to work on the described project and that the physical exertion employed by him on the job was such as would aggravate and accelerate that disease. Whether or not Cooper was aware of his diseased heart is not disclosed. The testimony of his wife upholds the view that he was apparently a man of good health and perhaps not aware of his true condition as a result of arteriosclerosis when he last took employment for Vinatieri. The medical testimony leaves no doubt that Cooper suffered a coronary occlusion about two weeks after he left that employment and that the occlusion was the leading factor in producing death a few days thereafter.

From the facts related and from testimony we deem it unnecessary to spread in further detail the commissioner, among other things, found as follows: "That the said Theodore A. Cooper came to his death as the result of an existing heart condition, running its normal course, and resulting in death from normal causes, and not from any accidental injury arising out of and in the course of his employment by Ehrum F. Vinatier." The circuit court adopted the views that Cooper's death was hastened by his working for Vinatieri; that claimant's husband had suffered an "injury by accident arising out of and in the course of the employment", and that an award of compensation should be made to claimant. The issue here is thus presented.

Appellants and respondent refer to the opinion in James v. McDonald, 73 S.D. —, 39 N.W.2d 478, 479, wherein it is written: "The trial forum for ascertaining material facts is the Industrial Commissioner, and facts so found must be accepted by the reviewing court unless so palpably erroneous upon the record as to be unreasonable; such facts standing substantially upon the same plane as the verdict of the jury. * * * It is only where the facts are undisputed and no conflicting inferences respecting the material ultimate fact can be drawn that the question becomes one of law for the court." The prior rulings of this court supporting the quoted statements are cited in the opinion in that case. Ap-

pellants argue that the commissioner drew from the facts of the case reasonable inferences and that his award denying compensation must be sustained. Respondent's contentions are in part stated in her brief as follows: "The facts showing Cooper's work contributed to and accelerated his death are undisputed and no conflicting inferences respecting the material ultimate fact can be drawn, and liability is, therefore, a matter of law. * * * It is the position of claimant that the death of a workman from a pre-existing disease or condition which is aggravated or accelerated by the work being performed by him, though in his usual manner, as intended, is caused by accident, and therefore a compensable claim, where the injury itself is unexpected."

The terms "injury" and "personal injury" are by the Workmen's Compensation Law of this state defined thus: "Only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form except as it shall result from the injury." SDC 64.0102(4). Following this definition SDC 64.0104 provides: "The right and remedies herein granted to an employee subject to this title, on account of personal injury or death by accident arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death." Beyond the limits fixed by these declarations of law the commissioner and the courts cannot extend the reach in imposing liability upon the employer. And the burden rested with the claimant to establish her claim as one for which the law provides compensation. Haddorf v. Jerauld County, 63 S.D. 448, 260 N.W. 404.

The material ultimate fact for determination by the commissioner involved answers to the questions whether claimant's husband sustained a personal injury which arose out of his employment by Vinatieri and whether that injury was "only injury by accident" within the meaning of those words as found in our code. The quoted findings of the commissioner embrace negative answers to these questions. That Cooper became ill during the course of his employment and that his illness came on when it did partly due to the

fact that he was engaged in performing manual labor appear to us as settled by proof submitted by the claimant. We then inquire: What accident arose out of the employment and produced a personal injury? In meeting this problem respondent urges that the aggravation or acceleration of the pre-existing heart disease arose from work in which Cooper was engaged and that therefore the work brought about the fatal injury. Her counsel earnestly argue that the acceleration of the disease partakes of the character of an injury by accident and is therefore compensable. They point to the opinion of this court in Johnson v. La Bolt Oil Co., 62 S.D. 391, 252 N.W. 869, and decisions of other jurisdictions. We have carefully examined the cited authorities and many others.

The Johnson case, supra, is readily distinguishable. Johnson was not suffering from heart disease and the medical testimony in his behalf proved that he sustained the hernia as a result of an unusual physical strain while lifting huge timbers during the course of his employment. He had no prior weakness or diseased condition likely to be aggravated by physical efforts ordinarily incident to the nature of his employment.

In the instant case we have a man going to work with a bad heart, as he had done just prior to the Vinatieri job, and for more than a month before that job doing manual labor of the same type under conditions described as much worse than those surrounding his last employment by Vinatieri. The testimony of his helper or co-worker is plainly to the effect that the latter performed by far the greater share of the heavier or more burdensome tasks incident to the Vinatieri job and that Cooper suffered no injury as a result of overexertion or unusual effort or strain. That he overtaxed his weakened heart by the kind of work he was doing is placed beyond question by the testimony of both doctors. This testimony made it clear that a man in Cooper's condition should not have engaged in that kind of work and that his doing so would likely bring about exactly what happened, i.e., a "definite congestive heart failure", as termed by one of these doctors. They both testified to the effect that serious damage to Cooper's heart was to be expected as

a natural consequence of the combination of physical exertion, foul air and mental anxiety. In the face of this testimony respondent insists that the heart injury to Cooper was "unexpected" and therefore in the nature of an injury by accident. It may be conceded that Cooper did not expect his heart to fail. However, had he known of his true condition his expectations could not reasonably have been other than those of the doctors by whose testimony we think the commissioner and the court must in considerable part be guided in determining the propriety of the claim for an injury as defined by our code. We are mindful of the view also that whether or not injury may be expected is to be reflected only in the mind of the employee. Unless a man is engaged in a hazardous undertaking he anticipates no injury when he goes to work. We detect nothing unreasonable in this hypothesis.

Deleting the words "only" and "by accident" appearing in the code definition of a compensable injury, if this we could do, would greatly simplify our problem. These words were not a part of the definition of a personal injury under the Iowa Code. Almquist v. Shenandoah Nurseries, 218 Iowa 724, 254 N.W. 35, 94 A.L.R. 573. A number of other states have laws similar to those of Iowa. Decisions in jurisdictions where restrictive definitions of the injury have not been adopted by the legislative bodies are not helpful. Indicative of the divergent views under laws similar to our own are the opinions in the recent case of Purity Biscuit Co. v. Industrial Commission, Utah, 201 P.2d 961. The opinion in Johnson v. Concrete Materials Co., 70 S.D. 95, 15 N.W.2d 4, reviews the prior decisions of this court wherein our code definition of a compensable injury was interpreted and applied. In Mellquist v. Dakota Printing Co., 51 S.D. 359, 213 N.W. 947, an accident produced the damaged heart. In Barwin v. Independent School Dist. of Sioux Falls, 61 S.D. 275, 248 N.W. 257, heart failure resulted from a fall caused by accident. No other heart case has heretofore been reviewed by this court in adjudging the right of a claimant to Workmen's Compensation.

■ We think the rule stated in Wilcox v. Buckeye Coal Co., 158 Pa.Super. 264, 44 A.2d 603, 605, is applicable here.

It is therein written: "In the instant case it was in evidence that the deceased had been treated for high blood pressure for years and the autopsy disclosed evidence of long standing heart disease. What happened to the deceased then was precisely what could have been expected: death caused by a strain upon an already weakened heart and that strain was the result of a normal amount of exertion necessary for the performance of his duties in the ordinary course of the work in which he was employed. There was no accident. Disability or death merely hastened by the work in which an employee has been regularly engaged cannot be treated as accidental." Cf. Harford Accident & Indemnity Co. v. Industrial Commission, 66 Ariz. 259, 186 P.2d 959. See also Seiken v. Todd Dry Dock, 2 N.J. 469, 67 A.2d 131; O'Flaherty v. Industrial Commission of Ohio, 75 Ohio App. 383, 60 N.E.2d 939.

This court is now asked to hold in effect that under our statute an employee who suffers injury while working is entitled to compensation. A number of cases affirm awards in favor of employees who suffered heart damage while they continued to work as had been their usual practice or at jobs similar to their prior engagements. Some of these cases, as it appears to us, construct ingenious escapes from legislative declarations limiting the liability of the employer to accidental injury or injury by accident. Cases we look upon as being helpful in our search of the law are cited in the footnotes to § 365, 71 C.J., Workmen's Compensation Acts, pp. 611-613, and subsequent annotations supporting the statements as follows: "The sudden manifestation of the heart condition from the effect of strain or overexertion at work constitutes an accidental injury within the meaning of an act requiring the element of accident in the injury suffered but, although it has been held that where there is a causal connection between the effort expended in the employment and the collapse there is an accidental injury within the meaning of the statute, as a general rule the mere manifestation of a heart condition without any proof of strain or overexertion at work does not show an accidental injury even though the development of the heart disease may have been hastened by the employee's usual and ordinary work."

■ We think that the instant claim falls squarely within the rule followed in "heart" cases in jurisdictions where similar code provisions are applicable and controlling, i.e., that an employee with a diseased heart who suffers damage to his heart as a result only of physical and mental exertion commonly incident to the kind of labor to which he has become accustomed has not incurred "only injury by accident" within the intendment of that phrase.

Further, we are of the view that claimant has failed to establish that the injury for which she seeks compensation is allowable under our code provisions as the same have been construed and applied in the former decisions of this court, or any of them.

The judgment of the circuit court is reversed with directions to enter judgment affirming the award of the Industrial Commissioner.

ROBERTS, SMITH and SICKEL, JJ., concur.

RUDOLPH, J., concurs specially.

RUDOLPH, J. (concurring). It is my opinion that the facts in this case fall squarely within the holding in Johnson v. Concrete Materials Co., 70 S.D. 95. 15 N.W.2d 4. Mr. Cooper became ill on the Vinatieri job. but the evidence discloses that the diseased condition of circulatory system and heart was of long standing. The injury he suffered on' this job came on by gradual growth and was not the result of some particular piece of work done. It was the cumulative effect of many acts done over a long period of time, no one of which can be identified as the cause of the harm, at least the commissioner was justified in so finding. No element of suddenness or precipitancy is disclosed by the evidence, nor is the jury assignable to a definite circumstance.