ELMSTRAND, Respondent v. G & G RUG & FURNITURE COMPANY et al., Appellants

(87 N.W.2d 606)

(File No. 9664. Opinion filed January 30, 1958)

**Howard B. Crandall,** Sioux Falls, for Appellants.

**T. R. Johnson,** Sioux Falls, for Respondent.

RENTTO, P. J.  This is a proceeding under our Workmen's Compensation Law. The decision of the Industrial Commissioner found claimant and her minor children entitled to an award of compensation for the disability and death of her husband. From the award entered thereon the employer and the insurer appealed to the circuit court. That court affirmed the award. This appeal is from such affirmance.

The decedent, Maurice G. Elmstrand, had worked for the employer about 12 years before the accident here involved. On or about January 26, 1956, while delivering a rug to a customer he was struck on the head by a heavy overhead garage door. While this blow did not break the skin or fracture his skull, it stunned him and raised a bump the size of an egg. He was then about 48 years of age. Immediately after the occurrence his head began to ache which pains became increasingly more severe and lasted until January 30, 1956. After the accident he carried on his regular work until the afternoon of January 30, 1956.

At that time, following a forcible blowing of his nose, he began to bleed severely from his nostrils. Because the bleeding could not otherwise be stopped, he was hospitalized. While there it was determined that he was suffering from malignant hypertension. Subsequently it was discovered that for at least 10 years before the accident he had a high blood pressure. This had not impaired his working ability nor was the decedent aware of such condition. From that

date to the time of his death on September 24, 1956, he was unable to work. During this period a hearing was had before the Commissioner which resulted in a determination of total and permanent disability with an award therefor. After his death the former proceedings were reopened and a further hearing had. The award here involved was entered thereafter.

The Commissioner found "That said Maurice C. Elmstrand died as the result of a pre-existing but non-disabling malignant hypertension condition; that such hypertensive condition existed prior to the date of the aforesaid accidental injury he sustained on or about January 26, 1956; that the accidental injury he suffered at said time aggravated or caused a 'lighting up' of such malignant hypertension and subsequently and directly resulted in his death." Appellants' assignments of error and their argument here are basically confined to an assault on this finding and others of similar import.

First, they argue that under our statute a death due to a pre-existing disease which is "aggravated" or "lighted up" or "accelerated" by an accidental injury is not compensable. The statute to which they refer is SDC Supp. 64.0102(4) which declares that injury or personal injury shall mean "only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form except as it shall result from the injury;". The language of this section has not been changed since our Workmen's Compensation Law was adopted. Ch 376, § 55(d), Laws of 1917. Secondly, they urge that these findings are not supported by the evidence.

It is our opinion that their first contention is foreclosed by the decisions of this court. In Mellquist v. Dakota Printing Co., 51 S.D. 359, 213 N.W. 947, 949, involving an acute decomposition of the heart precipitated by an unexpected strain, this court said: "Such an injury by such an accident under such circumstances would support the award of compensation that was made, * * * although claimant's physical condition prior thereto predisposed him to such a breakdown." In Barwin v. Independent School District, 61 S.D. 275, 248 N.W. 257, 258, it is expressly

recognized that an accident which accelerates or contributes to a death to which the employee was apparently predisposed is compensable. In the accident there involved, a 73 year-old workman fell, injuring the bones in his left wrist and fracturing his left femur. About 20 days later while convalescing from these injuries he died quite suddenly. In that opinion it is written: "The medical testimony is all to the effect that the immediate cause of death was acute dilatation of the heart. The conflict occurs on the issue as to whether or not the accident accelerated or contributed to that death." The award was affirmed but because of other factors was modified as to amount.

In Johnson v. La Bolt Oil Co., 62 S.D. 391, 252 N.W. 869, 872, the injury involved was a hernia. As a defense it was contended that the injury would not have occurred except for a structural weakness in claimant's body. It is there said: "The fact that the respondent may have had a weakness in his bodily structure or that he was predisposed to hernia, * * * would not, we believe, prevent him from recovering compensation under the Workmen's Compensation Act." In Tennis v. City of Sturgis, 75 S.D. 17, 58 N.W.2d 301, the employee died suddenly upon the heels of unusual exertion, exposure and exhaustion. The award was affirmed even though he had for several years been afflicted with coronary sclerosis of which he was unaware, which made him susceptible to death from coronary thrombosis.

██ ██ While the pre-existing conditions in these cases were not the same this court applied to each of them the same basic general principle. It seems to us that such principle controls this case and is a complete answer to appellants' first contention. In so far as the pre-existing condition is concerned we must take the employee as we find him. If a compensable event contributed to the final disability, recovery may not be denied because of the pre-existing condition, even though such condition was the immediate cause of the disability.

As supporting their view appellants cite Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191. In our view this case lends no support to their position. To the contrary it

recognizes the principle of the above cited cases. In that proceeding it was found the disease which caused the death of the employee was not accelerated by the injury and the injury did not cause his death nor did it contribute to or hasten it. The court referred to this as an express finding adverse to the claimant upon the only ultimate fact in dispute and characterized it as sufficient to support a decision adverse to the claimant.

They also rely on the case of Cooper v. Vinatieri, 73 S. D. 418, 43 N.W.2d 747. That case is distinguishable from the facts here presented. In the Cooper case recovery was denied because the injury was the result of physical and mental exertion commonly incident to the kind of labor to which the employee had become accustomed. It was not assignable to any circumstance.

In considering appellants' second contention we have read and studied all of the testimony and evidence in the record. It is largely of a medical nature with numerous experts appearing for each of the parties. At the second hearing both sides had the benefit of the findings revealed by a post mortem examination. As is so often the case in this realm of evidence these witnesses expressed differing opinions with varying degrees of conviction. It was for the Commissioner to determine which evidence he he would accept and the reasonable inferences to be drawn therefrom. In considering the sufficiency of the evidence to support the findings of the Commissioner we must look to the evidence most favorable to the claimant. Johnson v. Chicago & N.W.R.Co., 69 S.D. 111,7 N.W.2d 145. After so doing we may disturb them only if we can say that they are so palpably erroneous as to be unreasonable. Bruns v. Stedman, 76 S.D. 586, 82 N.W.2d 845. This we are unable to do. In this record there is evidence supporting the findings in question which we think is reasonable and substantial.

Affirmed.

All the Judges concur.