## SWIFT & COMPANY, PROSECUTOR, v. FRANK VON VOLKUM, RESPONDENT.

Argued October 5, 1943—Decided December 20, 1943.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Edwards, Smith & Dawson (George Echelman,* of counsel).

For the respondent, *David Roskein (John A. Laird,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a workmen's compensation case. The narrow issue requiring decision is whether a reasonably debatable question of fact or law is made to appear by the employer who seeks to review only the *quantum* of the award of 33-1/3% of total permanent disability which was awarded to the employee.

It is free from reasonable debate that respondent while working for the prosecutor on April 10th, 1940 (regulating the temperature of a tank on the roof of prosecutor's hog house) ran up and down two and a half flights of stairs several times and that as a result of the unusual effort and strain thus expended "precipitated" the heart disability ("coronary occlusion" or "coronary thrombosis") which he suffered. Thus prosecutor concedes, and correctly so, that respondent suffered a compensable accident. *Bernstein Furniture Co.* v. *Kelly*, 114 *N. J. L.* 500; 177 *Atl. Rep.* 354; *affirmed*, 115 *N. J. L.* 500; 180 *Atl. Rep.* 832; *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494; 6 *Atl. Rep.* (*2d*) 409.

It is also free from reasonable debate, although respondent had (unknown to himself) an arterio-sclerotic condition of his heart, that prior to the date of the accident respondent did prosecutor's "millwright" and "maintenance" work. It was "pretty hard work." He was obliged to and did, among other things, "take care of the machinery and repair same." He also did the "pipe fitting" and a "little of the electrical work." Three months after the date of the accident, when he returned to work, respondent was unable to do the laborious work which he had been doing for the prosecutor. He was thereupon given a lighter type of work. He started as a watchman at the gate. After a few months, he was taken off that work and was set to washing dishes in prosecutor's restaurant. After a few weeks on that job, he was assigned to "sweep the floor" in the dressing room where "he could take things easy." Thereafter, he was given a six month leave of absence and subjected himself, about every two weeks, to a physical examination by prosecutor's physician. At the end of the six month period, he was told that his condition had not improved sufficiently "to return to his work" and that prosecutor "did not have any job light enough" for him to do.

The medical proofs for both parties are substantially in factual accord as to the cause of the accident. They differ only as to the *quantum* of the percentage of permanent disability suffered by respondent. The doctor for respondent fixed it at 35% of total while the doctor for prosecutor fixed

it at 15% of total, but made clear that respondent "should be advised not to undertake prolonged heavy exertion."

The deputy commissioner in the Bureau determined, in light of all the proofs, that one who is handicapped in life, as respondent here, by his loss of "efficiency," by the fact that he must be "guarded in his efforts," and by the fact that he must seek such employment as will not oblige him to "undertake prolonged effort or heavy exertion," is suffering from a "substantial disability." He fixed it at 33-1/3% of permanent total disability.

On appeal to the Court of Common Pleas of Hudson County, the award in the Bureau was affirmed save as to an additional credit allowed prosecutor for payment which it had made to respondent and not here in issue. On re-argument, the Pleas adhered to its determination of affirmance. Prosecutor then applied to Mr. Justice Colie for a writ of *certiorari*. It was denied. Hence this application.

We see nothing reasonably debatable in the argument made here, as below, that the coronary occlusion suffered by respondent in one of the many blood vessels of his heart "has healed and is circumvented by collateral circulation so that the disability [suffered] as a result of the healed occlusion is minimal." The proofs do not support the argument. They are, as we have pointed out, to the contrary. Nor do we see anything reasonably debatable in the further argument that respondent's guarded prognosis is due to the arterio-sclerosis of the various vessels of respondent's heart and not to the "occlusion" or "thrombosis" which he, in fact, suffered. For it is firmly established that our Workmen's Compensation Act extends its "beneficent provisions" alike to the "weak and sick" as to the "strong and able" so long as those of either class come under its provisions and sustain a compensable accident. *Bernstein Furniture Co.* v. *Kelly,* 114 *N. J. L.* 500, 504; 177 *Atl. Rep.* 554. And "* * * an accidental strain of the heart, even though the heart was previously weakened by disease, may be a compensable injury under our statute when, as in this case, the accident arose out of and in the course of the employment." *Bernstein Furniture Co.* v. *Kelly,* 115 *N. J. L.* 500, 501; 6 *Atl. Rep.* (2d) 409.

Apart from the fact that we do not lightly disturb a finding, in the Bureau, affirmed by the Pleas, plus a discretionary refusal by a single justice of this court to review such a finding (*Davies* v. *Onyx Oil and Resin Co.,* 130 *N. J. L.* 381, 382; 33 *Atl. Rep.* (*2d*) 357), our independent study of the proofs and arguments urged in support of this application (*Lazzio* v. *Primo Silk Co.,* 114 *N. J. L.* 450; 177 *Atl. Rep.* 251; *affirmed,* 115 *N. J. L.* 506; 180 *Atl. Rep.* 881), leads us to the conclusion that a correct result was reached and that no reasonably debatable question of fact or law is made to appear.

Accordingly, the application for a writ is denied, with costs.