This is a workmen's compensation matter in which the deputy commissioner dismissed the petition and held that the petitioner's decedent had not died as the result of an accident arising out of and in the course of the employment. On appeal, the then Hudson County Court of Common Pleas reversed, holding that petitioner's decedent died of injuries sustained in an accident arising out of and in the course of the employment.
From a study of the evidence we find the following facts: Alexander Moleski, Jr., age 37, was, on May 29, 1947, employed by respondents as a truck driver. On the day in question, he commenced work shortly before 8 A.M. His activities from then until 12:30 included loading his truck with bags of cement, each weighing about 94 pounds and making deliveries *Page 138 
to four or five customers. At each stop he assisted in delivering the cement. Thereafter, he assisted in transferring to his truck some 8000 pounds of material in 100-pound bags. After driving this load to its destination, he helped load some hundreds of bricks onto his truck. After the lunch period, he drove his truck out loaded with bundles of sheet rock, each weighing 95 pounds. While delivering this load, he had a flat tire which he assisted in changing. About 4 P.M. he again left the yard with a load of nearly five tons. With the aid of a helper who accompanied him on the afternoon trips, he delivered a part of this load and had walked to the porch of the last customer and pressed the doorbell when he dropped dead as a result of a coronary occlusion. It is undisputed that on May 29th the temperature ranged from 76 degrees at 8 A.M. through 85 degrees at 4 P.M. and down to 78 degrees at 6 P.M.
The synopsis of our finding of facts brings this case within the holding in Bernstein Furniture Co. v. Kelly,114 N.J. Law 500 (Sup.Ct. 1935); affirmed 115 N.J. Law 500 (E. A.
1935). Mr. Justice Perskie, for the Supreme Court in affirming an award to the dependents of a workman who died of a cardiac failure, said: "The heat, the weight of the furniture, the difficulty in carrying the furniture up the stairs, justify the conclusion that it was an unusual exertion * * *." So, in the instant case the heat, the extraordinary volume of materials delivered and their heavy weights combine to create the unusual exertion which was held in the cited case to justify the finding of an accident arising out of the employment. We note in passing that the holding in Bernstein Furniture Co. v. Kelly, supra, is in nowise weakened by Lohndorf v. Peper Bros. Paint Co.,134 N.J. Law 156 (Sup.Ct. 1946); affirmed 135 N.J. Law 352(E. A. 1947).
The judgment under review is affirmed with costs. *Page 139