This appeal is before the court by virtue of a writ of certiorari allowed prior to September 15, 1948. The appeal seeks to reverse a judgment of the Hudson County Court of Common Pleas affirming an award of compensation to the petitioner. The question before us is whether or not the petitioner suffered an accident arising out of his employment.
We find the facts to be as follows: The petitioner, aged 60, had been a carpenter for 20 years. On March 10, 1947 he had been working on the same job for the past three weeks. On that date, he commenced work about eight in the morning and continued until noon. After lunch he resumed work and about three o'clock was seized with a sharp pain through his chest. The work consisted of cutting 2 x 4 beams which were just above the level of petitioner's head when standing on a scaffold five feet above floor level. Up to the time of the seizure he had cut between 20 or 30 beams and he testified that it was a routine job for a carpenter and that the position of the beams to be cut required him to be "sort of kinked over a little bit." The medical witnesses were divided on the question of whether or not there was a causal connection between the work and the onset of the occlusion.
The leading case dealing with cardiac failure is Lohndorf v.Peper Bros. Paint Co., 134 N.J. Law 156 (Sup. Ct. 1946); affirmed 135 N.J. Law 352 (E. A. 1947). Mr. Justice *Page 147 
Oliphant for the Supreme Court, after pointing out the presumption that any death from heart disease is the result of natural causes, said: "An accident is `an unlooked for mishap or untoward event which is not expected or designed.' Geltman v.Reliable Linen and Supply Co., 128 N.J.L. 443; `an unintended or unexpected occurrence,' Bollinger v. Wagaraw Building andSupply Co., 122 Id. 512; it is an event happening at a specific time or occasion. Liondale Bleach Works v. Riker, 85Id. 426. The words `accident' and `employment' are not synonymous. To render an injury compensable there must be an event or happening, beyond the mere employment itself, which brings about the final result or contributes thereto, and without which the injury or death would not have resulted."
On the facts in this case we find no event or happening, beyond the mere employment itself, which brought about the coronary occlusion. Accordingly, the judgment under review is reversed.