This is an appeal from the determination and judgment of the Middlesex County Court affirming the award of the Workmen's Compensation Bureau in a "heart case." The essential facts are not greatly in dispute and the sole question for determination is whether petitioner suffered a compensable injury by virtue of an accident arising out of and in the course of his employment.
Petitioner, Joseph Franko, 64 years of age, had been employed as a hand reamer by respondent, Mack Manufacturing Company, for a period of eight years and three months prior to January 9, 1948, the date of his injury. His work was a precision operation involving fine tolerances, for he customarily reamed or cut from 1 1/2 to 4 thousandths of an inch of steel from the inner circumference of bores in steel castings. These castings, also referred to as cases, weighed approximately 200 pounds and the 7 1/8 inch diameter hand reamer used by petitioner weighed fifteen to eighteen pounds *Page 3 
and was twenty-two to twenty-four inches in length. A bar was inserted at right angles to and through the handle of the reamer which was revolved by hand pressure, and the steel extracted in truing the bore appeared in the form of powder or light, fine chips. The castings were deposited on the floor near petitioner's work bench, which was about thirty inches high, and lifted to a fixture on the bench by means of a chain and pulley suspended from an overhead crane.
Petitioner testified that on the day of the alleged accident he started work at the regular hour of eight o'clock, apparently on an unfinished job already on the work bench. After its completion, which consumed about an hour, he put the casting on the floor and hoisted a second, which was a "welded" or "repair" casting, to the bench with the pulley and chain block. He testified that the casting had been deposited four or five feet from the hoist and that he had rolled it into proper position before lifting it to the bench, although this fact is in dispute. The bore of the welded casting was out of round from one and one-half to two one-thousandths of an inch, and while turning the hand reamer petitioner felt pain in his heart and collapsed about ten o'clock. He was hospitalized and the medical testimony is in agreement that his condition was one of coronary insufficiency — a loss of blood to the heart muscle resulting from arteriosclerotic heart disease; he continues totally disabled and unable to undertake exertion.
An accidental injury to the heart, arising out of and in the course of employment, is a compensable accident within the meaning of the Workmen's Compensation Act, and the law is now well settled, particularly as a result of two recent decisions,Grassgreen v. Ridgeley Sportswear Mfg. Co., 2 N.J. Super. 62, 64 A.2d 617 (App. Div. 1949), and Seiken v. Todd Dry Dock,Inc., 2 N.J. 469 (1949), which correlate and distinguish prior heart cases, where it was held that in order to rebut the presumption that a heart ailment is due to natural causes, it is incumbent upon the claimant to produce evidence of an unusualstrain or exertion beyond the mere employment itself to constitute an "accident" within the meaning of the Workmen's Compensation Law. *Page 4 
In Lohndorf v. Peper Bros. Paint Co., 135 N.J.L. 352 (E. A. 1947), the court said that "to render `an injury compensable there must be an event or happening, beyond the mere employment itself, which brings about the final result or contributes thereto, and without which the injury or death would not have resulted,'" and defined "accident" as an "`unlooked for mishap' or `untoward event' which is `not expected or designed.'" As was aptly said by Mr. Justice Ackerson in Seiken v. Todd Dry Dock,Inc., supra, "a review of the cases decided since the Lohndorfcase, supra, shows a general adherence to the view therein expressed that something of an unusual strain or exertion beyond the mere employment itself is required to establish liability; the mere showing that the claimant was performing his routine, every-day tasks when he suffered a heart attack, does not establish a right to workmen's compensation," citing Grassgreenv. Ridgeley Sportswear Mfg. Co., supra; Ames v. Sheffield FarmsCo., 137 N.J.L. 336, 59 A.2d 811 (Sup. Ct. 1948); affirmed, 61 A.2d 502; Temple v. Storch Trucking Co.,2 N.J. Super. 146, 65 A.2d 70 (App. Div. 1949). To the same effect are the very recent cases of Irons v. N.J. Department ofInstitutions and Agencies, 3 N.J. Super. 216, 66 A.2d 44
(App. Div. 1949), and Carpenter v. Calco Chemical Div.,American Cyanamid Co., 4 N.J. Super. 53, 66 A.2d 177 (App.Div. 1949).
In recognition of the legal prerequisites to recovery, petitioner contends that in the course of his employment he "performed unusually hard labor in dragging a 200-pound steel casting 3 to 5 feet across the floor and exerted an extra heavy strain and unusual effort in attempting to ream an imperfect bore, and by reason thereof suffered an accidental injury to his heart." With this factual conclusion, and with complete awareness of the weight properly to be accorded the factual findings of two prior tribunals, we cannot agree, for it is unsupported in the evidence. While it appears that on occasion the truckmen did not deposit the castings directly under the chain hoist and petitioner testified that in this instance he rolled the casting four or five feet, he also stated *Page 5 
"that case when I went to put it on the stand, you know, was right where I had chain," and a witness produced by petitioner, one Arnold Schneider, set-up man at the plant who laid out petitioner's work, testified that "the case was right underneath the rail" of the chain hoist "as close to his work bench as it could possibly be — he didn't have to go over and pick it up." Another petitioner's witness, Jacob Rademacher, a co-worker, testified that the chain of the hoist could be pulled about ten feet from the track. Not only is the testimony barren of any reference to "dragging," the clear preponderance of the evidence of petitioner and his own witnesses negates, we think, any finding of unusually hard labor in placing the casting on the work bench.
The factual evidence, incidentally, all introduced by petitioner, likewise fails, in our opinion, to justify a finding of extra heavy strain and unusual effort in attempting to ream an imperfect bore. Petitioner, at the time of his injury, was working on a welded casting, but the evidence, including petitioner's own testimony, clearly indicates that it was not exceptional and required no extra heavy strain or unusual effort. The bore was out of round from one and one-half to two one-thousandths of an inch, well within the four one-thousandths of an inch limits of petitioner's every-day, routine work, and petitioner and his set-up man, Schneider, are in agreement that the work that morning was normal, ordinary, regular procedure. This actually seems to be confirmed by the medical testimony which was not in dispute, for there was no coronary occlusion or damage to the heart — the finding was coronary insufficiency, a loss of blood to the heart muscle resulting from arteriosclerotic heart disease, and a normally progressive condition.
Petitioner, at the time he was stricken, was performing routine work to which he was accustomed and as he had done previously, and he has failed to establish by a preponderance of the evidence that his heart attack was caused by an unusual strain or exertion arising out of his employment and beyond the mere employment itself.
The judgment under appeal is reversed. *Page 6