This is an appeal from a judgment entered in the Middlesex County Court sustaining an award in the petitioner's favor by the Workmen's Compensation Bureau.
The decedent, Walter A. Schroeder, had an artificial leg as a result of an amputation in 1917 and in June, 1946, he suffered a heart attack. He remained in bed for several weeks and resumed his trade as an automobile mechanic in September, 1946. In September, 1947, he was hired by the appellant, Arthur Sales Co., Inc., as an automobile mechanic and remained in its employ until his death on November 3, 1947. On the morning of November 3, 1947, he arrived at work and was assigned to repair an Oldsmobile which was then located in the appellant's garage about seventy-five feet from its entrance. He walked to the front of the garage for the hydraulic jack, pulled the jack to the front of the car, placed it in proper position and operated it with a pumping motion. As soon as he had completed this operation Edward Feeney, a fellow employee engaged in working on an automobile alongside the Oldsmobile, saw him fall. Mr. Feeney went to him but he appeared unconscious. He was later taken to a hospital and died on the same day. He had suffered a heart attack described in the report of electrocardiogram as an acute coronary occlusion. There was conflicting medical testimony but Dr. Bernstein testified for the petitioner that there was causal relationship between the decedent's death and the work he was doing on November 3, 1947.
The Deputy Commissioner found that the petitioner had established, by the greater weight of the evidence, that the "decedent's collapse was caused by the effort in which he was engaged." He did not find that there had been any unusual strain or exertion; on the contrary, he expressed the view that where "the performance of manual labor entails a strain upon the heart, and injury or death results, the experience constitutes an accident, even though the employee was not engaged in an unusual act of exertion." On appeal, the *Page 289 
County Court similarly made no finding that there had been any unusual strain or exertion but rested its determination upon the finding that the decedent had "suffered such a strain as would and in fact did precipitate a coronary injury." The record is devoid of any evidence of unusual strain or exertion. In response to an inquiry as to how often the decedent was required to use the jack Mr. Feeney, testifying for the petitioner, stated, "Maybe once a day, maybe once every two days, once every four days. It depends on the job that he is doing." He further testified that the decedent's work as a general mechanic consisted of "Overhauling cars, replacing transmissions in front ends and jobs of that kind" and responded affirmatively to an inquiry as to whether the decedent was doing his routine work as a mechanic on the date of his collapse.
The petitioner urges upon us that where, as here, there was a finding of strain incidental to the decedent's employment and contributing to his fatal heart attack, it should, without more, be deemed sufficient to sustain an award, within the liberal intendment of the Workmen's Compensation Act. See Mr. Justice Heher concurring in Lohndorf v. Peper Bros. Paint Co.,135 N.J.L. 352 (E. A. 1947). The recent decisions of our Supreme Court, however, expressly require a petitioner to meet the test of showing that the "heart attack was caused by an unusual strain or exertion (accident) `arising out of' his employment, and beyond the mere employment itself." Seiken v.Todd Dry Dock, Inc., 2 N.J. 469, 477 (Sup. Ct. 1949);Temple v. Storch Trucking Co., 2 N.J. Super. 146, decided October 24, 1949. These decisions compel the conclusion that where, as in the instant matter, the petitioner has not met this test, the award in her favor must be set aside notwithstanding the concurrence of the Bureau and the County Court. SeeGrassgreen v. Ridgeley Sportswear Mfg. Co., 2 N.J. Super. 62
(App. Div. 1949); certiorari denied, 1 N.J. 603 (Sup. Ct.
1949).
The judgment of the County Court is reversed. *Page 290