Farmers Elevator Mutual Insurance Company, a Corporation, Plaintiff-Appellant, v. Zora M. Burch, et al., Defendants-Appellees.

Gen. No. 62-O-5.

Fourth District.
December 17, 1962.

J. E. Horsley and W. E. Larrabee, of Craig & Craig, of Mattoon, and Parker, Bauer & Parker, of Effingham (Paul D. Wilson, General Counsel, of Des Moines, Iowa, of counsel), for appellant.

L. E. Brumleve and Joseph B. Siemer, of Siemer, Brumleve & Dehn, of Effingham, for defendant.

CULBERTSON, J.

The action now before us originated as a suit for declaratory judgment seeking determination as to a policy of liability insurance issued by plaintiff, Farmers Elevator Mutual Insurance Company to defendant, Effingham Equity, Inc., through a series of transactions giving rise to damages claimed against said Effingham Equity, Inc., by other defendants.

The action was filed under the provisions of Chapter 110, Section 57.1 (1961 Ill Rev Stats), and sought a determination as to whether the allegations contained in a complaint in another action of Burch, et al. v. Effingham Equity, Inc., set up facts which would bring the occurrence within the scope of the policy coverages. The policy under consideration contained these provisions:

> "I  Coverage A.—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.
>
> "Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destructon of property, including the loss of use thereof caused by accident."

The complaint in the case under consideration, of Burch, et al. v. Effingham Equity, Inc., alleged in substance that over a period in excess of two months Effingham Equity, Inc. had maintained a nuisance in the operation of its elevator and had caused or permitted dust from grain, etc. to enter the premises of plaintiffs and caused them physical injury and cer-

251

tain damage to household goods, lawns, and gardens; and also, that the elevator company operated machinery over that period of time causing great vibration which damaged plaintiffs' home and other buildings, and made loud noises which annoyed plaintiffs. The elevator company demanded that the insurance company defend its suit under the policy. The insurance company asserted that since the policy provided only for damages "caused by accident" it considered the policy did not apply. Thereafter, the declaratory judgment action was instituted. Defendant answered the declaratory complaint and also prayed for declaratory judgment and asserted certain additional defenses. On trial of the cause by the Court, without a jury, defendant Effingham Equity, Inc. offered no evidence. Following the hearing the Trial Court entered an order that plaintiff take nothing by its suit, and in substance, that the Court has no power to render a judgment or decree on an anticipated liability which may or may not arise in the future.

██ While the Declaratory Judgment Act introduced a new concept unknown at common law, its beneficial effect should not be destroyed by illiberal construction (Trossman v. Trossman, 24 Ill App2d 521, 524, 165 NE2d 368). In the instant case the complaint does not allege any damages sustained either in the nature of bodily injury or destruction of property "by accident." The policy covered only damages caused by accident. While the word "accident" does not have a settled legal signification, its generally accepted meaning is the same as the popular understanding or approved usage of the word implies.

"Accident" normally designates an unforeseen occurrence, usually of an untoward or disastrous character, or an undesigned sudden or unexpected event of an inflictive or unfortunate character (Neale Const. Co. v. United States Fidelity & Guar. Co., 199 F

252

2d 591, 592; Yates v. Bankers Life & Cas. Co., 415 Ill 16, 19, 111 NE2d 516). The natural and ordinary consequences of an act do not constitute an "accident."

■ ■ An insurer's obligation to defend an action is determined by the allegations of the pleadings in a case (Brodek v. Indemnity Ins. Co. of North America, 292 Ill App 363, 384, 11 NE2d 228), and while this obligation should be construed most favorably so far as the policy holder or insured is concerned the Court cannot rewrite the policy by substituting an obligation not undertaken under the terms thereof.

■ It is asserted on appeal in this Court that the complaint for declaratory judgment is premature in that, regardless of the present state of the pleadings in the case which is now pending against the elevator company, there is no way of anticipating with certainty the final state of the pleadings in that case, or what the facts proven therein will be, and that whether or not the insurance company defends the defendant is a matter of judgment and discretion on part of the insurance company. This observation is sound to the extent that if the pleadings should state facts which bring the elevator company within the policy coverages, the elevator company would have the right to serve a demand on the insurer to accept coverage and defend, and the insurer under such circumstances would be required to defend and pay any judgment, regardless of any preceding declaratory judgment based upon a different set of facts. Under the Declaratory Judgment Act of this State the fact that subsequent pleadings and facts established in the action against the elevator company may establish a liability, would not deprive the Court of jurisdiction of the cause where both sides have prayed for declaratory judgment relief on the basis of the facts now before the Court. The action has been concluded and

253

the Court may make a declaration respecting the rights of the parties under the policy as it relates to the pleadings before the Court at this time, since such pleadings are presumably settled. Whether the elevator company would hereafter, under an amended set of pleadings, charge incidents or accidents which require the insurance company to defend and pay the judgment, depends upon future developments in the action against the elevator company. The only determination in this cause relates to existing pleadings and the record as made in the Circuit Court of Effingham County.

Under the facts and the record in this cause, therefore, the Trial Court should have entered a judgment finding that the policy, under the pleadings and the record, does not obligate the insurance company to defend as against the damages claimed therein, or to pay any judgment rendered on such pleadings or facts as therein alleged. This cause will, therefore, be reversed and remanded with directions to enter an order as herein specified.

Reversed and remanded, with directions.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.