CORBETTA CONSTRUCTION Co., INC., Appellant-Respondent, *v.* MICHIGAN MUTUAL LIABILITY COMPANY, Respondent-Appellant.

First Department, February 27, 1964.

*Frank H. Connelly* of counsel (*McGovern, Vincent & Connelly,* attorneys), for appellant-respondent.

*Edward Ash* of counsel (*Sidney A. Schwartz* with him on the brief; *Hanlon & Dawe; Alexander, Ash & Schwartz,* attorneys), for respondent-appellant.

WITMER, J. As the named insured in two consecutive general liability policies issued by the defendant, indemnifying plaintiff for damages arising out of accidental injury to or destruc-

tion of property by plaintiff in the performance of a designated contract between plaintiff and the United States Government, Department of the Navy, plaintiff has brought this action to require defendant to reimburse plaintiff for the sum of $171,773.63. The plaintiff entered into a contract with the United States for reconstruction and enlargement of a dry dock at Brooklyn Navy Yard. Included in the work of the contract was deep excavation in semifluid earth about 25 feet away from Navy building 274. To accomplish this and avoid damage to said building a cofferdam of steel sheeting and other materials had to be constructed by plaintiff. To protect it in this work plaintiff procured the issuance to it by defendant company of a general liability insurance policy for the year beginning June 1, 1956, under which defendant agreed to pay on behalf of the plaintiff all sums which plaintiff, by reason of said contract above mentioned, should "become legally obligated to pay as damages because of injury to or destruction of property caused by accident", to the extent of $100,000 for any one accident. On June 1, 1957 a like policy was issued by defendant to plaintiff for the ensuing year. During the periods in which these policies were in force, plaintiff proceeded with the work of erecting the cofferdam and making the deep excavation.

In April of 1957 the Navy notified plaintiff that it was failing properly to control water pressures against the outside of the cofferdam, and recommended that a number of shallow observation wells be made. Plaintiff's engineers disagreed with the Navy concerning measures to be taken to remedy the hazardous condition, and claimed that to follow the Navy's suggestion would increase the hazard; but plaintiff followed the Navy's recommendations. Thereafter, from mid-May, 1957 onward, while plaintiff diligently endeavored to correct the condition, there were several controllable breaks in the cofferdam, but during the three days of May 30 through June 1, 1957 the break got so far out of hand as to cause serious damage to Navy building 274. The Navy officer in charge found that the damage was caused by the plaintiff's failure to construct a cofferdam as provided in the contract; and he directed plaintiff to proceed to repair the damage.

Plaintiff contended that the damage was caused by reason of the method which the Navy required plaintiff to use to reduce the pressure on the cofferdam. Plaintiff, however, promptly notified defendant of the Navy's contention, and also demanded of defendant that if the Navy was right, the defendant should indemnify plaintiff for its loss. Defendant investigated and determined that it was not liable under the policy,

because, it asserted, the damage was not the result of an accident. It noted that before proceeding to dig the shallow observation wells recommended by the Navy the plaintiff's engineers had told the Navy of the danger of such procedure, and defendant claimed that therefore the result was not only foreseeable but foreseen, and hence it was not an accident.

The Navy contracting officer affirmed the decision of the Navy officer in charge of the work that the damage resulted from plaintiff's failure properly to construct the cofferdam. Plaintiff appealed from this decision to the Secretary of the Navy, via the Armed Services Board of Contract Appeals (ASBCA), as provided in the contract. Plaintiff called upon the defendant to prosecute the appeal in its behalf and to hold plaintiff harmless; but defendant maintained its position that in these circumstances it had no duty to plaintiff under the policy.

Lengthy hearings were duly had before the ASBCA, plaintiff contending that the damage to Navy building 274 was not caused by its fault. That board duly rendered its decision, in which it upheld the determination of the Navy officer in charge that plaintiff negligently constructed the cofferdam, and concluded that the damage was the result of plaintiff's failure to reduce the high-level water pressures on the outside of the cofferdam and plaintiff's lack of due care in its excavation work, for which plaintiff was chargeable under its contract. It also held that the digging of shallow observation wells as recommended by the Navy was not a cause of the break in the cofferdam and consequent damage to Navy building 274.

As a result of such determination, and pursuant to the terms of the contract, the Navy withheld $175,000 from plaintiff on the contract until plaintiff repaired the damage. Plaintiff duly notified defendant thereof, and of the right to appeal to the United States Court of Claims. Plaintiff then made the repairs as ordered; and it claims herein that the same cost it $150,641.66, for which it asks judgment of the defendant, plus the further sum of $21,131.95 for its legal expenses in resisting the Navy claim of damage.

Plaintiff contends that the determination of the ASBCA is binding upon the defendant. Defendant denies this and raises three separate defenses, namely: (1) that the policy requires it to pay only if the damage resulted from accident; that the break was foreseeable and not an accident in this case; and that this Supreme Court is not concluded by the determination of the ASBCA; (2) that by the general terms of its policy the company agreed to defend an arbitration proceeding wherein

it could participate in the selection of the arbitrators, but the hearing before the ASBCA was not such a proceeding; and (3) the policy provides that no action under it shall lie against the company until the insured's obligation to pay shall have been finally determined by judgment against the insured or by agreement between the insured and the company.

Admittedly, the policy specifically includes plaintiff's contract with the United States Government, Department of Navy, under which plaintiff was working when the damage occurred. Article 16 of the contract relates to disputes, and provides that any dispute under it shall be decided by the contracting officer. It further provides that within 30 days after receiving a copy of such officer's decision the contractor may appeal to the Secretary of the Navy, whose decision shall be final. The Armed Services Board of Contract Appeals is the agent of the Secretary of the Navy for hearing and deciding such appeals. Thus, the contract contains substantially a provision that any dispute must be decided not by a court but by the Navy contracting officer, subject to an appeal to the ASBCA, which acts as an arbitrator. Although the "arbitrator" is an agency of one of the contracting parties, that makes it no less an arbitration; and if the parties agree on such method of determination, as they did here, it is perfectly legal and proper. (See *Matter of Astoria Med. Group [Health Ins.]*, 11 N Y 2d 128, 136, and, see, cases cited.) Defendant will not be heard to say that its policy did not contemplate this sort of arbitration proceeding. The contract in question provided therefor, in accordance with established Federal law, and the policy expressly protected plaintiff against accidental damage in connection with said contract. To hold that the policy does not protect the plaintiff in the event of a dispute determined in accordance with the terms of the contract would be sheer mockery. (*Madawick Contr. Co.* v. *Travelers Ins. Co.*, 307 N. Y. 111.)

Defendant was duly notified to appear before the ASBCA in behalf of the plaintiff and itself and protect their rights. It waived the right to do so (see *Krenitsky* v. *Ludlow Motor Co.*, 276 App. Div. 511, app. dsmd. 301 N. Y. 609); and, if the damage in question was the result of an accident, it is bound by the determination of said board, subject to its existing right to appeal therefrom to the United States Court of Claims.

The only questions remaining, therefore, are whether the damage to Navy building 274 was the result of an accident, and whether that question may be answered as a matter of law upon the record herein.

The ASBCA found that through the negligence of the plaintiff in the construction of the cofferdam and in failing to keep the water level and pressure down against the outside thereof, the cofferdam broke, resulting in the damage to Navy building 274. That board expressly found, contrary to the persistent contention of the defendant, that the shallow observation wells dug pursuant to the Navy's recommendation and which plaintiff's engineers contended would weaken the cofferdam, had nothing to do with the break and resulting damage. Obviously, in the light of such determination the break, viewed from plaintiff's position as it performed the work, was not foreseen and was not intended. It was the result of plaintiff's negligence, and as a matter of law it constituted an accident within the terms of defendant's policy. (See *Messersmith* v. *American Fid. Co.*, 232 N. Y. 161, 165–166; *Rex Roofing Co.* v. *Lumber Mut. Cas. Ins. Co.*, 280 App. Div. 665.)

The order appealed from is, therefore, modified by striking defendant's three separate defenses and granting summary judgment to the plaintiff to the extent of full policy coverage plus counsel fees, with costs to the plaintiff; and the case is remanded for trial of the issues of damage and counsel fees (CPLR 3212, subd. [c]).

BOTEIN, P. J., BREITEL, RABIN and EAGER, JJ., concur.

Order, entered on August 13, 1962, unanimously modified, on the law, by striking defendant's three separate defenses and granting summary judgment to the plaintiff to the extent of full policy coverage plus counsel fees, with $20 costs and disbursements to plaintiff-appellant-respondent, and the case is remanded for trial of the issues of damage and counsel fees (CPLR 3212, subd. [c]).