TAYLOR et al., Respondents

v.

IMPERIAL CASUALTY & INDEMNITY COMPANY et al., Appellants

(144 N. W. 2d 856)

(File Nos. 10297 10300. Opinion filed September 22, 1966)

**Russell R. Greenfield, Boyce, Murphy & McDowell, Samuel W. Masten,** Sioux Falls, for defendants and appellants.

**M. T. Woods, Woods, Fuller, Shultz & Smith,** Sioux Falls, for plaintiffs and respondents.

ROBERTS, Judge.

The plaintiffs, Jess J. Taylor and Taylor Oil Company, a corporation, brought this action against the defendant insurance companies to recover under the terms of liability insurance policies damages sustained by reason of breach of contract in failing to defend an action brought against plaintiffs for injunctive relief and damages. Imperial Casualty & Indemnity Company issued its policy insuring plaintiffs. American Insurance Company insured General Tire and Rubber Company and Taylor Oil Company. The two policies contain identical provisions in all matters herein material. The insuring clauses therein provide:

> "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

The policies provide for defense of actions as follows:

> "With respect to such insurance as is afforded by this policy, the company shall: (a) defend any suit against the insured alleging such injury * * * or destruc-

tion and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

Paragraph 13 under "Conditions" reads as follows:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

The action which it is claimed insurers were obligated to defend was instituted in January, 1964, by Northwestern Bell Telephone Company and the City of Sioux Falls against Jess J. Taylor, the First National Bank in Sioux Falls, as trustee, and General Tire and Rubber Company, to enjoin them from permitting gasoline escaping from a storage tank on premises described as Lots 8 and 9 in Block 4 of Bennett's First Addition to the City of Sioux Falls, to seep into the underground area of streets and public ways of the city and the adjoining property of the plaintiff telephone company. The Taylor Oil Company was on motion also made a party defendant. The complaint specifically alleged among other things that the property described was subject to a written lease from defendant bank to Jess J. Taylor and to a sublease of the premises to defendant General Tire and Rubber Company; that there was located on this property a service station including gasoline pumps and tanks for the storage of gasoline; that gasoline in large volumes escaped from a storage tank into the underground area of the service station premises and penetrated into the subsoil of streets and premises of plaintiff telephone company; and that defendants, being fully aware of the hazardous condition, refused to abate the nuisance and continued their refusal to act. The plaintiff telephone company in addition to injunctive relief sought judgment for amounts expended in protecting its property from fire and explosion.

Plaintiffs herein tendered the defense of the action to defendants, but insurers denied liability and refused to defend or to pay indemnity on the ground of noncoverage.

The court after hearing in the original action and on the basis of the complaint and supporting affidavits issued an interlocutory injunction requiring the defendants to take affirmative action to prevent escaping gasoline from penetrating public thoroughfares of the city and the abutting premises of the telephone company. The plaintiffs herein immediately employed excavators and intercepting trenches were dug, one on the filling station premises and another near the telephone building. This means was apparently effective to prevent further penetration of gasoline to the property of the telephone company. Plaintiffs incurred expenses in so doing and in effecting a settlement in the action against them. They demanded judgment herein in the amount of $4500 with interest.

Appellants contend that there was no damage because of injury to property caused by accident in the original action and hence there was no liability under the terms of the policies. American Insurance Company also contends that there was no privity of contract between it and respondent Jess J. Taylor.

■ The terms of the policies fix the right of recovery. Under the language therein contained, appellants are liable only for damages which insured shall become legally obligated to pay because of injury to or the destruction of property, including the use thereof, caused by accident. The generally accepted meaning of the word "accident" in insuring clauses in policies of this kind is the same as the popular understanding or usuage of the word.[1] The word as used in such insurance policies is ordinarily defined as "an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force." Neale Const. Co. v. United States Fidelity & Guaranty Co., 10 Cir., 199 F.2d 591;

---

1. "I. Literally, a befalling. a An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event. 'Of moving accidents by flood and field.' Shak. b Hence, often, an undesigned and unforeseen occurrence of an afflictive or unfortunate character; a mishap resulting in injury to a person or damage to a thing; a casualty; as, to die by accident. c Chance; contingency. * * *" Webster's New International Dictionary, Second Edition, Unabridged.

Hutchinson Water Co. v. United States Fidelity & Guaranty Co., 250 F.2d 892; Farmers Elevator Mutual Ins. Co. v. Burch, 38 Ill.App.2d 249, 187 N.E.2d 12; United States Fidelity & Guaranty Co. v. Briscoe, 205 Okl. 618, 239 P.2d 754; Town of Tieton v. General Insurance Co. of America, 61 Wash.2d 716, 380 P.2d 127; see also annotation in 7 A.L.R.3d 1262. The meaning of the word "accident" as used in the Workmen's Compensation Law has arisen many times in this court.[2] Its meaning as therein used is necessarily influenced by the various provisions of the act and the purpose of its enactment. However, the general meaning attributed to the word "accident" in such decisions is not at variance with that of the authorities above cited.

It is argued by appellants that the complaint in the original action alleged a condition of a continuing nature in that gasoline steadily and continuously seeped into the boiler room of the telephone company building thereby creating a fire hazard and endangering the safety of persons in the building and others passing on adjacent streets; that from the evidence it appears that the leaking and seepage of gasoline continued for a long period of time; and that the long continuing nuisance cannot be termed an accident. Appellants cite Clark v. London & Lancashire Indem. Co., 21 Wis.2d 268, 124 N.W.2d 29, 98 A.L.R.2d 1037, to sustain their conclusion. Defendant therein was the owner of a gravel pit which he permitted to be used as a dump for garbage. Neighboring landowners brought an action to abate the nuisance and to recover damages. The insurer disclaimed coverage because the damages sought were not "caused by accident" and refused to defend. The court holding that the damages to nearby owners were not caused by accident said: "In view of all the foregoing facts it is clear that plaintiff, when he paid out the sums he did to Kamke and other residents in the vicinity of the gravel pit, was paying damages for the maintenance of a nuisance on his premises which had continued for many months. Thus the cause of this damage was not the occurrence of some untoward event that properly might be char-

2. See Meyer v. Roettele, 64 S.D. 36, 264 N.W. 191; Johnson v. Concrete Materials Co., 70 S.D. 95, 15 N.W.2d 4; Tennis v. City of Sturgis, 75 S.D. 17, 58 N.W.2d 301; Elmstrand v. G & G Rug & Furniture Company, 77 S.D. 152, 87 N.W.2d 606; Campbell v. City of Chamberlain, 78 S.D. 245, 100 N.W.2d 707; Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 119 N.W.2d 649; Tegels v. Western Chevrolet Co., 81 S.D. 592, 139 N.W.2d 281.

acterized as an accident but rather a long continuing harmful condition. In such situations the weight of authority is to the effect that, where a long continuing nuisance condition alone causes the damage, without the concurrence of some other event, the damage is not 'caused by accident' within the meaning of insuring clauses such as those contained in the instant policy." The court quoted with approval the following language from American Cas. Co. of Reading, Pa. v. Minnesota F. B. S. Co., 8 Cir., 270 F.2d 686: "Acts which are done with knowledge and which continue over a long period of time and which continuously cause damage cannot be termed accidents".

This court in Tegels v. Western Chevrolet Co., 81 S.D. 592, 139 N.W.2d 281, likewise pointed out that a harmful condition which is known and continues over a long period of time is not caused by accident.

██ We affirm the trial court's judgment of coverage based upon the findings that the leaks in the underground tank and the escape and seepage of gasoline were the result of negligence and that the unintended consequences were caused by accident. Injuries are caused by accident according to the quality of the result rather than the quality of the causes. Johnson v. La Bolt Oil Co., 62 S.D. 391, 252 N.W. 869; Campbell v. City of Chamberlain, 78 S.D. 245, 100 N.W.2d 707; see also Messersmith v. American Fidelity Co., 232 N.Y. 161, 133 N.E. 432, 19 A.L.R. 876. Unlike the Clark v. London & Lancashire Indemnity Co. case, where the harmful condition had been created by the insured who knowingly permitted the condition to exist, the consequences herein resulting from the negligence of General Tire and Rubber Company were unintended and not the probable and natural consequences of the negligence. Vappi & Co. v. Aetna Casualty & Surety Company, 348 Mass. 427, 204 N.E.2d 273; Maryland Casualty Company v. Mitchell, 5 Cir., 322 F.2d 37; Corbetta Constr. Co. v. Michigan Mutual Liability Co., 20 A.D.2d 375, 247 N.Y.S.2d 288, affd. 15 N.Y.2d 888, 258 N.Y.S.2d 423, 206 N.E.2d 357. We conclude that the claims for damages in the original action were covered by the insurance policies issued by appellants and that they were under duty and obligation to the plaintiffs with respect to the action arising therefrom.

Appellant American Insurance Company contends that respondent Jess J. Taylor cannot recover on a contract to which he is not a party. It should be noted that the insurance was effected for the benefit of Taylor Oil Company pursuant to the sublease agreement between it and General Tire and Rubber Company. The policy of insurance refers to Taylor Oil Company, Sioux Falls, South Dakota, as a named insured. As to property damage liability, the policy provides: "The unqualified word 'insured' includes the named insured and also includes * * * any executive officer, director or stockholder thereof while acting within the scope of his duties as such." The court found that Taylor Oil Company for whose use and benefit its president, Jess J. Taylor, had entered into the lease had "at all times from the inception of the lease, paid all rents and performed all covenants thereof on the part of the lessee to be performed." The right of a person to maintain an action is not precluded because he is not named or his interest referred to in the policy. 46 C.J.S. Insurance § 1267. Another consideration is that respondent Taylor was a trustee of an express trust, a party in whose name a contract had been made for another. SDC 33.0402 (Rule 17(a), S.D.R.Civ.P.) requiring actions to be prosecuted in the name of the real party in interest permitted him, as well as named insured, to bring action.

Judgment affirmed.

All the Judges concur.